UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CONSTANCE CLEMENS,

      Plaintiff,

v.                                    Civil Action No. 2:11-00457

EMMANUEL SOYOOLA, M.D.,

      Defendant.


MEMORANDUM OPINION AND ORDER


      Pending is defendant's motion to dismiss, filed July 21, 2011.  For the reasons set forth below, defendant's motion is denied.


I.  Background


      This is a medical malpractice action in which plaintiff Constance Clemens seeks to recover damages from defendant Emmanuel Soyoola, M.D., for injuries arising out of a surgical operation performed on her by defendant.  The following factual recitation is taken from the complaint.

      On March 16, 2005, defendant performed a total abdominal hysterectomy, bilateral salpingo-oopherectomy, pelvic washings, and bilateral pelvic node dissections on plaintiff at the Logan Regional Medical Center, in Logan, West Virginia.

(Compl. ¶ 4).  Prior to the surgery, plaintiff informed defendant that "even though she did not desire future fertility, she preferred that the uterus be removed and if possible that her ovaries be saved . . . ."  (Id. ¶ 5).  Despite this request, plaintiff's ovaries were removed.  (Id.).  Plaintiff alleges that as a result of the surgery, she suffered "premature surgical menopause, does not have sex drive, does not sleep well, was divorced partially because of her menopausal symptoms, has no emotions and cannot cry, and has been otherwise damaged . . . ."  (Id. ¶ 6).  Plaintiff claims that Dr. Soyoola was negligent and deviated from acceptable standards of care in his performance of the surgery.  (Id. ¶ 7).

Plaintiff is a citizen of West Virginia, and defendant is a citizen of Georgia.  (Id. ¶ 1).  Plaintiff filed the complaint in this court on June 29, 2011, on the basis of diversity of citizenship.  As construed, the complaint contains a single count: a claim of medical malpractice brought pursuant to the West Virginia Medical Professional Liability Act ("MPLA" or the "Act").  See W. Va. Code § 55-7B-1, et seq.  Defendant has filed a motion to dismiss on the ground that plaintiff failed to file suit within the period prescribed by the

applicable statute of limitations.[1]  The motion is now ripe for determination.

## II.  Motion to Dismiss

### A.  Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 127 S. Ct. at 1965); see also S.C. Dep't Of Health and Envtl. Control v. Commerce and Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting

---

[1] Defendant does not indicate the species of Rule 12(b) by which he moves to dismiss.  Fed. R. Civ. P. 12(b).  Our court of appeals has observed that inasmuch as a statute of limitations constitutes an affirmative defense and is thus waivable, it may be raised pursuant to Rule 12(b)(6).  See Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 654 n. 8 (4th Cir. 2006) (noting that a statute of limitations is not jurisdictional and can be waived).  The court addresses defendant's motion under the strictures of Rule 12(b)(6).

Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

A limitations challenge constitutes an affirmative defense.  As such, the defense is often not appropriate for disposition under Rule 12(b)(6).  See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (noting a Rule 12(b)(6) challenge, "which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred.").  An exception exists for the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint . . . ."  Id.  The exception is strictly construed, requiring that all "facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'"  Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

B.  The MPLA Statute of Limitations

Actions brought pursuant to the MPLA are subject to a two-year statute of limitations.  West Virginia Code § 55-7B-4 states, in relevant part:

4

(a) A cause of action for injury to a person alleging medical professional liability against a health care provider arises as of the date of injury, except as provided in subsection (b) of this section, and <u>must be commenced within two years of the date of such injury, or within two years of the date when such person discovers, or with the exercise of reasonable diligence, should have discovered such injury, whichever last occurs</u> . . . .

\*\*\*

(c) The periods of limitation set forth in this section shall be tolled for any period during which the health care provider or its representative has committed fraud or collusion by concealing or misrepresenting material facts about the injury.

W. Va. Code §§ 55-7B-4(a) and (c). As set forth above, the two-year limitations period is subject to two tolling doctrines: the discovery rule and fraudulent concealment. <u>See</u> <u>id.</u> Inasmuch as plaintiff makes no allegation of fraudulent concealment against Dr. Soyoola, only the application of the discovery rule will be addressed.

C. The Discovery Rule

In the seminal decision of <u>Gaither v. City Hospital</u>, 487 S.E.2d 901 (W. Va. 1997), the West Virginia Supreme Court of Appeals observed that the discovery rule was codified

in recognition that, in the area of malpractice actions, "often the plaintiff is not aware of the fact that an injury has been inflicted. In the area of medical malpractice, this is particularly true because the physician's negligence may consist of some improper diagnosis or improper surgery when the

5

> plaintiff is unconscious so that he is not aware that
> there has been an injury."

Id. at 907 (quoting Jones v. Trustees of Bethany Coll., 351

S.E.2d 183, 184 (W. Va. 1986)).  To that end, the Gaither court

elucidated a discovery rule test applicable to medical

malpractice actions:

> In tort actions, unless there is a clear statutory
> prohibition to its application, under the discovery
> rule the statute of limitations begins to run when the
> plaintiff knows, or by the exercise of reasonable
> diligence, should know (1) that the plaintiff has been
> injured, (2) the identity of the entity who owed the
> plaintiff a duty to act with due care, and who may
> have engaged in conduct that breached that duty, and
> (3) that the conduct of that entity has a causal
> relation to the injury.

Id. at 903.  "In most cases, the typical plaintiff will

'discover' the existence of a cause of action, and the statute

of limitation will begin to run, at the same time that the

actionable conduct occurs."  Dunn v. Rockwell, 689 S.E.2d 255,

265 (W. Va. 2009).  In reaffirming the Gaither test, the Dunn

court observed that

> whether a plaintiff "knows of" or "discovered" a cause
> of action is an objective test.  The plaintiff is
> charged with knowledge of the factual, rather than the
> legal, basis for the action.  This objective test
> focuses upon whether a reasonable prudent person would
> have known, or by the exercise of reasonable diligence
> should have known, of the elements of a possible cause
> of action.

Id. at 258.

Defendant argues that inasmuch as the complaint was filed on June 29, 2011, and that the surgery giving rise to the alleged injury occurred over six years earlier, on March 16, 2005, this action is time-barred by the two-year statute of limitations.  <u>See</u> § 55-7B-4(a).  To the extent that Ms. Clemens seeks to engage the discovery rule by asserting in her complaint, at paragraph four, that she "discovered" Dr. Soyoola's negligence "on or about March 6, 2009," defendant claims that the discovery rule is not so broad.[2]  That is, defendant contends that a malpractice claim accrues when the patient is aware or should reasonably have become aware that medical treatment caused injury, and not when a plaintiff learns that malpractice occurred.  (Def.'s Mot. to Dismiss ¶ 10).  Dr. Soyoola directs the court to two decisions of the Supreme Court of Appeals in support of his argument.

In <u>McCoy v. Miller</u>, 578 S.E.2d 355 (W. Va. 2003) (per curiam), the plaintiff-patient claimed that inasmuch as he had no way of knowing "until it was told to him" that his bypass surgery was unnecessary, the two-year statute of limitations did not start running until another physician informed him, over six

---

[2] Upon defendant's information and belief, plaintiff mailed to defendant a pre-suit notice on March 1, 2009.  Pursuant to the MPLA, the pre-filing process tolls the statute of limitations if it has not expired.  <u>See</u> W. Va. Code § 55-7B-6(h).

7

years later, that the surgery was unnecessary.  Id. at 356-358.
While the McCoy court reaffirmed the discovery rule test laid
down in Gaither, it noted:

> Critically, however, we did not eliminate the
> affirmative duty the law imposes on a plaintiff to
> discover or make inquiry to discern additional facts
> about his injury when placed on notice of the
> possibility of wrongdoing.  The crux of the 'discovery
> rule' has always been to benefit those individuals who
> were either unaware of their injuries or prevented
> from discovering them.

Id. at 359.  From this, the McCoy court stated that where the
plaintiff "knows of his injury" and the circumstances thereof
"place him on notice of the possible breach of duty of
care, . . . plaintiff has an affirmative duty to further and
fully investigate the facts surrounding that potential breach."
Id.  Indeed, the "'[m]ere ignorance of the existence of a cause
of action or of the identity of the wrongdoer does not prevent
the running of the statute of limitations.'" Id. at 360 (quoting
Gaither, 487 S.E.2d at 907).  Based on the record before it, the
court concluded that inasmuch as the plaintiff failed to make
reasonable and diligent inquiries into the necessity of his
surgery, the discovery rule did not toll the statute of
limitations and summary judgment was thus proper. Id. at 360-
362.

    Next, defendant looks to Legg v. Rashid, 663 S.E.2d
623 (W. Va. 2008) (per curiam).  In this case, the circuit court

granted summary judgment to the defendant-physician inasmuch as the plaintiff filed suit over six years following the date of injury and the discovery rule was clearly inapplicable.  Id. at 625-626.  The evidence plainly demonstrated that the plaintiff was immediately aware of his eye injury and resulting loss of vision following treatment by the defendant.  Id. at 628-630. Thus, the discovery rule did not toll the two-year limitations period.  The Legg court essentially applied the principles well-established in Gaither and noted that "'we do not go so far as to require recognition by the plaintiff of negligent conduct.'" Id. at 629 (quoting Gaither, 487 S.E.2d at 909).  The court wrote:

> Instead, we explained that "once a patient is aware, or should reasonably have become aware, that medical treatment by a particular party has caused a person injury, that statute begins."  We further recognized that "in some circumstances, causal relationships are so well established that we cannot excuse a plaintiff who pleads ignorance."  Also, in Gaither, we explained that "the statute of limitations will begin to run once the extraordinary result is known to the plaintiff even though he may not be aware of the precise act of malpractice."

Id. at 630 (quoting Gaither, 487 at 907, 909) (internal citations omitted).  After reviewing a record replete with detailed deposition testimony with respect to the knowledge element of the discovery rule, the Legg court affirmed summary judgment in favor of the physician.  Important for purposes of the pending motion, both the McCoy and Legg decisions came

following discovery and the granting of summary judgment.
Unlike those courts that had the benefit of a developed factual
record on which to determine the applicability of the discovery
rule, this court does not.

Indeed, as persuasive as McCoy and Legg may be for
defendant at a later stage of the proceedings, the current
procedural posture precludes the court from looking beyond the
confines of plaintiff's complaint.  Critically, our court of
appeals directs that all "facts necessary to the affirmative
defense 'clearly appear on the face of the complaint.'"
Goodman, 494 F.3d at 464 (quoting Forst, 4 F.3d at 250).
Following this instruction, the court cannot now hold the
discovery rule is inapplicable in this case for want of evidence
not found in the complaint, as defendant appears to demand.

Where a complaint sets forth only the barest of
allegations invoking the discovery rule, that is generally not
enough for a determination of a statute of limitations issue
under Goodman.  The complaint here alleges, in relevant part:
"[T]he Plaintiff discovered that the procedure was done
negligently and in violation of acceptable medical standards on
or about March 6, 2009." (Compl. ¶ 4) (emphasis added).
Fundamental questions with respect to the applicability of the
discovery rule, such as whether plaintiff knew or with the

10

exercise of reasonable diligence should have known of her
injury, remain unanswered and await discovery.  Under our
circuit's unambiguous standard, the facts necessary to determine
the applicability of the discovery rule must clearly appear on
the face of the complaint.  In this case, they plainly do not.
Accordingly, defendant's motion to dismiss on the basis of the
statute of limitations is denied.

### III.  Conclusion

Pursuant to the foregoing analysis, it is ORDERED that
defendant's motion to dismiss be, and it hereby is, denied.

The Clerk is directed to forward copies of this
written opinion and order to all counsel of record.

DATED: November 29, 2011

John T. Copenhaver, Jr.
United States District Judge

11